**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** 26-mj-06441-Augustin -Birch

**UNITED STATES OF AMERICA**

**v.**

**DENIS ACOSTA-LAGOS,**

**Defendant.**
_____/

**FILED BY_____SM_____D.C.**

**Aug 6, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2.  Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3.  Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4.  Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

5.  Did this matter involve the participation of or consultation with Magistrate Judge Yeney Herandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:     *Joseph A. Cooley*
JOSEPH A. COOLEY
Assistant United States Attorney
Florida Bar No. 966460
500 E. Broward Bouvard, Suite 700
Fort Lauderdale, FL 33394
Tel# (954) 660-5694
Joseph.Cooley2@usdoj.gov

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| DENIS ACOSTA-LAGOS, | ) | Case No. |
| | ) | |
| | ) | 26-mj-06441-Augustin-Birch |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

FILED BY_____SM_____D.C.

Aug 6, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _July 29, 2026_ in the county of _Broward_ in the _Southern_ District of _Florida_, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC § 1326(a) & (b)(2) | Illegal Reentry After Removal |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Daniel Rendueles, DO, IRC/ERO
_Printed name and title_

Attested to by the applicant in accordance with
the requirements of Fed. R. Crim. P. 4.1 by:
FACETIME

Date: August 6, 2026

_____
_Judge's signature_

City and state:          Fort Lauderdale, FL          Hon. Panayotta Augustin-Birch, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Daniel Rendueles, having been duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a federal law enforcement officer with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), and have been since November 2017. My current responsibilities include investigating criminal, civil, and administrative violations related to the Immigration and Nationality Act (INA), and other federal criminal offenses contained in Titles 8 and 18 of the United States Code. I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7).

2. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint and Arrest Warrant against ACOSTA-Lagos, Denis (ACOSTA-Lagos) (Year of birth: 1982, Honduras native and citizen, Alien Number 205 128 568), for illegal reentry of a removed alien, in violation of Title 8, United States Code, Section 1326(a) & (b)(2).

3. The statements contained in this Affidavit are based on my personal knowledge, information provided to me by other law enforcement officers and support personnel, and my review of the evidence. Because this Affidavit is submitted for the limited purpose of establishing probable cause for the requested Criminal Complaint and Arrest Warrant, it does not include every fact known to law enforcement.

### PROBABLE CAUSE

4. Based on my review of United States immigration records maintained by the DHS, I am aware that ACOSTA-Lagos is not a citizen or national of the United States.

5. ACOSTA-Lagos is a native and citizen of HONDURAS by virtue of birth.

6.    On July 29, 2026, U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), Fugitive Operations Unit officers conducted surveillance in the vicinity of 5600 W. Hallandale Beach Boulevard, West Park, Florida 33023. The surveillance operation focused on ACOSTA-Lagos, who was the subject of an ICE-ERO enforcement action.

7.    At approximately 8:00 a.m., officers observed ACOSTA-Lagos near the above location and approached him on foot. Officers identified themselves as ICE-ERO personnel and requested identification. ACOSTA-Lagos verbally confirmed his identity. During the encounter, ACOSTA-Lagos stated that he was unlawfully present in the United States and had reentered the United States multiple times. Immigration database checks were conducted and indicated that ACOSTA-Lagos was unlawfully present in the United States.

8.    Officers conducted a pat-down search, and ACOSTA-Lagos was taken into ICE custody. ACOSTA-Lagos was subsequently transported to the ICE-ERO Miramar office for processing

9.    Subsequent record checks of ACOSTA-Lagos name, date of birth and country of citizenship determined that ACOSTA-Lagos had been previously removed from the United States under Alien Number 205 128 568 and was presently unlawfully in the United States.

10.   Biometrics from Identification System (IDENT) and the Next Generation Identification (NGI) systems electronic fingerprint comparison also confirmed that ACOSTA-Lagos is a HONDURAS citizen and national.

11.   Your Affiant reviewed copies of immigration documents contained in ACOSTA-Lagos's Alien File (A-File), including biographical information, records of encounters with ICE, photographs, and fingerprints. A review of his A-File reflected the following:

    a.  On an unknown date and location, ACOSTA-Lagos entered the United States illegally without being inspected or admitted by an Immigration Officer of the United States.

2

b. On or about May 31, 2012, US Border Patrol encountered ACOSTA-Lagos in Orange County, FL. ACOSTA-Lagos was arrested and processed as a Notice to Appear (Form I-862).

c. On or about June 14, 2012, An Immigration Judge ordered ACOSTA-Lagos removed from the United State to Honduras.

d. On or about June 25, 2012, ACOSTA-Lagos was removed from the United States to Honduras via ICE Charter flight. Removal was confirmed and documented on Warrant of Removal/Deportation (Form I-205). He was informed he was barred for 10 years from returning to the United States, as documented on Warning to Alien Ordered Removed or Deported (Form I-294).

e. On an unknown date and at an unknown location, ACOSTA-Lagos reentered the United States without obtaining the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission.

f. On or about August 17, 2015, ICE encountered ACOSTA-Lagos at Harris County, TX following an arrest by the Harris County Sheriff's Office on August 16, 2015.  He was charged with Aggravated Robbery in violation of Texas State Statute 29.02. He was processed as a Reinstatement of Deport Order (Form I-871).

g. On or about April 17, 2018, ACOSTA-Lagos was removed from the United States to Honduras via ICE Charter Flight. Removal was confirmed and documented on Warrant of Removal/Deportation (Form I-205). He was informed he was barred for 20 years from returning to the United States, as documented on Warning to Alien Ordered Removed or Deported (Form I-294).

h. On an unknown date and at an unknown location, ACOSTA-Lagos reentered the United States without obtaining the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission.

i. On or about July 29, 2026: ICE located and arrested ACOSTA-Lagos in Broward County, FL

**CONCLUSION**

Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about July 29, 2026, in Broward County, in the Southern District of Florida, ACOSTA-Lagos, having previously been removed from the United States, was found in the United States, knowingly and unlawfully, without the express consent of the Attorney General of the United

3

States, or the Secretary of Homeland Security, in violation of Title 8, United States Code, Section

1326(a)(1) and (b)(2).

Respectfully Submitted,

_____

Daniel Rendueles
Deportation Officer
U.S. Immigration and Customs Enforcement

Attested to by the applicant in accordance with
the requirements of Fed. R. Crim. P. 4.1 by FaceTime
on this 6th day of August 2026.

_____

HON. PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

4